UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

WILLIAM E. GREEN,

                Plaintiff

-against-

JACOB & COMPANY WATCHES, INC., D/B/A
JACOB & CO, JACOB ARABO an individual, and
MG SECURITY SERVICES LLC

                Defendants
------------------------------X

JUDGE CROTTY

COMPLAINT

15 CV 3611

**JURY TRIAL DEMANDED**

    Plaintiff, by and through his attorney's, Foley & Assoc., P.C. complains of the defendants, Jacob & Company Watches, Inc., d/b/a Jacob & Co, and Jacob Arabo an individual, and MG Security Services LLC whereof the following is a statement:

### PRELIMINARY STATEMENT

    1. This action for an award of damages, declaratory and injunctive relief, attorney's fees and other appropriate relief is brought by plaintiff, to redress intentional violations by defendants of rights secured to her by the laws of the United States and the laws of the State of New York.

    2. This action arises under the Civil Rights Act of 1964, 42 U.S.C. section 2000e, et seq., as amended (hereinafter "Title VII"), 42 U.S.C section 1981 (hereinafter, "Federal Law"), Administrative Code of the City of New York section 8-107. 1(a) (hereinafter "ACCNY") and New York Laws and Codes: New York Executive Law § 296; New York City Administrative Code § 8-107 et seq., and all other applicable New York State and New York City Laws, Rules, Codes, and Regulations; The New York State Constitution, and all applicable Case Law interpreting such statutes, (hereinafter collectively referred to as "New York Law").

### JURISDICTION

    3. Jurisdiction is conferred upon this Court by 28 U.S.C. section 1331,1343 and section 1391, and 42 U.S.C. section 2000e-5(f)(3), all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to secure equitable

and other relief.

4. This Court has jurisdiction over plaintiff's claims under the laws of the State of New York pursuant to its supplemental jurisdiction as codified at 28 U.S. C. section 1367.

5. Plaintiff has exhausted all administrative remedies, having filed timely complaints of discrimination with Equal Employment Opportunity commission (hereinafter "EEOC") (EEOC charge No.520-2013-02459 and/or the New York City Commission on Human Rights as applicable as required in the individual statutes and has taken all other action necessary to bring the present matter before this Court.

6. All conditions precedent to the institution of this suit have been fulfilled.  On February 6, 2015, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.  This action has been filed within ninety (90) days of receipt of said notice.

## VENUE

7. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the Southern District of New York and involve a defendant that resides and/or maintains an office within its jurisdictional limits.

8. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. section 1391(b) and 1391(c).

## PARTIES

9. Plaintiff, William E. Green, is, and was at all times relevant hereto, an individual, and is a Black male and citizen of the United States, and a resident of the state of New York, residing at Brooklyn, New York. Plaintiff began employment with defendants, on or about December of 2011, as a security officer.

10. Defendant Jacob & Company Watches, Inc., d/b/a Jacob & Co, ("Jacob & Co") is a domestic and/or foreign corporation duly organized and existing by virtue of the laws of the State of New York, with a principal place of business at 48 East 57th Street, New York, New York, 10022.

11. Defendant Jacob & Company Watches, Inc., d/b/a Jacob & Co, ("Jacob & Co") is a limited liability company duly organized and existing by virtue of the laws of the State of New York, with a principal place of business at 48 East 57th Street, New York, New York, 10022.

12. Defendant Jacob & Company Watches, Inc., d/b/a Jacob & Co, ("Jacob & Co ") is an

unincorporated association duly organized and existing by virtue of the laws of the State of New York, with a principal place of business at 48 East 57th Street, New York, New York, 10022.

13. Defendant, Jacob Arabo (hereinafter "Arabo"), is and was at all times relevant hereto, and individual and principal/owner of defendant Jacob & Co, with a principle office address located at 48 East 57th Street, New York, New York, 10022.

14. Defendant MG Security Services LLC, ("MG Security") is a domestic and/or foreign corporation duly organized and existing by virtue of the laws of the State of New York, with a principal place of business at 133 West 25th Street, Suite 8W, New York, NY 10001.

15.   Defendant MG Security Services LLC, ("MG Security") is a limited liability company duly organized and existing by virtue of the laws of the State of New York, with a principal place of business at 133 West 25th Street, Suite 8W, New York, NY 10001.

16.   Defendant MG Security Services LLC, ("MG Security") is an unincorporated association duly organized and existing by virtue of the laws of the State of New York, with a principal place of business at 133 West 25th Street, Suite 8W, New York, NY 10001.

## STATEMENT OF FACTS

17. All of the acts or omissions alleged to have been committed by Defendants Jacob & Co and MG Security, were committed by said Defendants, its agents, principals, owners, employees, servants, workmen and /or ostensible agents, who were at all times material hereto acting within the course and scope of their employment with and on behalf of said Defendants.

18. At all times material hereto, defendant, Arabo was acting within the course and scope of his employment/ownership and on behalf of defendant Jacob & Co.

19. At all times material hereto, Defendant Arabo was plaintiff's supervisor and/or manager of Defendant.

20. At all times material hereto, Defendants Jacob & Co and MG Security, are and have been a "person" and "employer" as defined under Title VII and under the ACCNY and New York Law.

21. At all times material hereto, Defendants Jacob & Co and MG Security have been a "person" and "employer" as defined under Title VII and under the "ACCNY" and New York Law and are subject to the provisions of each aforesaid Act.

22. On the job, plaintiff was the victim of racial discrimination, racial harassment, discriminatory retaliation, by his employers, supervisors and others.

23. Plaintiff was employed by defendants from on or about December 2011 through June 19, 2013.

24.     During the course of plaintiff's employment, he has held the position of Director of Security for defendant Jacob & Co. .

25. During the course of his employment, plaintiff maintained a satisfactory job performance rating and at all times fulfilled all of the duties and obligations commensurate with his employment.

26. Plaintiff alleges that defendants Jacob & Co and MG Security, acting through its owners, agents, servants, workmen, employees and ostensible agents, including defendant Arabo, subjected him to regular and continuing instances of racially offensive conduct, including but not limited to, various racial and offensive comments, remarks and discrimination of various employees that were from racially diverse/protected backgrounds, all of which had the intended effect of creating a hostile work environment for plaintiff.

27. Beginning on or about December, 2011 and continuing through the date of Plaintiff's termination, defendants Jacob & Co, MG Security and Arabo had subjected plaintiff to disparate treatment, including but not limited to, closely scrutinizing performance, wrongly citing plaintiff for unsubstantiated performance deficiencies, issuing plaintiff verbal and written warnings without cause,  making unwarranted criticisms of work performance, threatening plaintiff with termination of his employment, and subjecting plaintiff to oppressive working conditions. Upon information and belief, defendants do not treat similarly-situated   non-minority and non-African American employees in this manner.

28. Plaintiff charges that defendant have discriminated against him by denying him equal terms and conditions of employment because of his race and national origin in violation of Section 8-107.1(a) of the Administrative Code of the City of New York and New York Law.

29. Plaintiff also charges that the defendants have violated Title VII of the Civil rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., on the basis of his race and national origin.

30. Beginning on or about December 2011 and continuing through the date of Plaintiff's termination, defendants have subjected plaintiff to discriminatory treatment, including but not limited to, creating a racially hostile work environment and causing plaintiff to experience humiliating and traumatic working conditions.  Upon information and belief, defendants had taken this and other actions against plaintiff on the recommendation and/or consent of defendant Arabo.  Upon information and belief, defendant Arabo has made said recommendations in response to and in retaliation for the plaintiff's expressing his objections to aforementioned conduct.

31. Beginning on or about December 2011 and continuing through Plaintiff's date of termination, defendants had subjected plaintiff to discriminatory treatment, including but not

limited to, disparate treatment of Plaintiff and other African American co-workers. Upon information and belief, Defendants had taken these actions with the approval of defendant Arabo. Upon information and belief, defendants had taken these actions in response to and in retaliation for plaintiff's aforesaid complaints about the racially discriminatory behavior.

32. Plaintiff charges that respondents have discriminated against him by denying him equal terms and conditions of employment because of his race and national origin in retaliation for his opposition to discriminatory practices in violation of Sections 8-107.1(1) and 8-107.7 of the Administrative Code of the City of New York and New York Law and have damaged plaintiff thereby.

33. Plaintiff also charges that the defendants have, violated Title VII of the Civil Rights Act of 1964, as amended, 42 violated Title VII of the civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., on the basis of plaintiff's race and national origin and in retaliation against plaintiff for plaintiff's actions in notifying making unwarranted criticisms of work performance management and expressing objections against the discriminatory practices of each party.

34. Despite Plaintiff's protestations as aforesaid, Defendants did nothing to cause the aforesaid acts of racial harassment and racial discrimination to cease and desist, and in fact, continued to subject plaintiff to the aforesaid racially-offensive comments and remarks on a more routine basis, including statements that African Americans looked like monkeys.

35. Plaintiff complained to Defendants Jacob & Co and MG Security's management about the aforesaid acts of racial harassment and racial discrimination, and plaintiff advised Jacob & Co and MG Security, management of his opposition thereto. However, said defendant failed to take any action to remedy the racially offensive and hostile conduct.

36. The actions of the defendants, acting as aforesaid, created a hostile and offensive work environment, imposed intolerable working conditions on plaintiff and made it extremely traumatizing and difficult for him to continue in his employment.

37. As a direct result of the willful, deliberate, unlawful and malicious actions of defendants, plaintiff has suffered a loss of employment, promotion, benefits, earnings and earnings potential.

38. As a direct result of the willful, deliberate, unlawful and malicious actions of discrimination by the defendants, plaintiff has suffered harm to his reputation in the community of his peers.

39. As a direct result of the willful, deliberate, unlawful and malicious actions of discrimination by the defendants, plaintiff has suffered emotional distress, humiliation, the loss of self esteem and a painful diminution of his ability to provide himself and his family with the earned rewards of excellence in his chosen career.

## AND AS FOR A FIRST CAUSE OF ACTION
### Defendant Violated the Civil Rights Act of 1964,
### 42 U.S.C §§2000e, et seq. (race discrimination and retaliation)

40. Plaintiff repeats and realleges all of the foregoing paragraphs herein above as though fully set forth herein.

41. Defendant violated the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§2000e, et seq., in that it discriminated against plaintiff on account of race (Black) and national origin (African American), and retaliated against him for expressing his objections to defendants discrimination and raising the issue of discrimination, as evidenced by, inter alia, harassing and condoning the harassment of plaintiff without legitimate reason.

42. As a result of the acts and/or omissions of the defendants, plaintiff has suffered damages in the amount of $25, 000,000 (Twenty Five Million Dollars), and plaintiff hereby demands judgment against defendants for such amount together with $10,000,000 (Ten Million Dollars) in punitive damages.


## AND AS FOR A SECOND CAUSE OF ACTION

### Defendant Violated ACCNY and New York Law
### (race discrimination and retaliation)

43. Plaintiff repeats and realleges all of the foregoing paragraphs herein above as though fully set forth herein.

44. Defendant violated the provisions of the New York State Human Relations Act, 43 P.S. §955(a), and New York Law in that it discriminated against plaintiff on account of race (Black) and national origin (African American), and retaliated against him for expressing his objections to discrimination and raising the issue of discrimination, as evidence by, inter alia, harassing and condoning the harassment of plaintiff without legitimate reason. As a result of the acts and/or omissions of the defendants, plaintiff has suffered damages in the amount of 25, 000,000 (Twenty Five Million Dollars), and plaintiff hereby demands judgment against defendants for such amount together with $10,000,000 (Ten Million Dollars) in punitive damages.

## AND AS FOR A THIRD CAUSE OF ACTION

45. Plaintiff repeats and realleges all of the foregoing paragraphs herein above as though fully set forth herein.

46. As described herein, defendants have engaged in unlawful employment practices in violation of Title VII of Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), et seq., ACCNY and New York Law. The said unlawful practices for which defendants are liable to plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, quid pro quo harassment, retaliating against plaintiff because of his expressed opposition to offensive racially discriminatory related conduct in the work place, subjecting plaintiff to more onerous working conditions, treating plaintiff in a disparate manner and threatening to discharge plaintiff from his employment, all due to plaintiff's race and national origin.

47. Defendants' violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), et. seq., ACCNY and New York Law include subjecting plaintiff to hostile work environment that affected conditions of plaintiff's employment.

48. Defendants' violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), et. seq., ACCNY and New York Law include subjecting plaintiff to racially discriminatory conduct which conduct was sufficiently severe and /or pervasive so as to unreasonably interfere with plaintiff's work performance and/or create an intimidating, hostile or offensive working environment.

49. Defendants' violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C §2000(e), et. seq., and New York Law include subjecting plaintiff to adverse employment actions once plaintiff opposed the aforesaid unlawful employment practices.

50. As the direct result of the aforesaid unlawful discriminatory employment practices engaged in by defendant as aforesaid, in violation of Title VII of the Civil rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), et. seq., and New York Law, plaintiff has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, embarrassment, humiliation, inconvenience, loss of enjoyment of life, loss of future earning power, plus back pay, front pay and interest due thereon. As a result of the acts and/or omissions of the defendants, plaintiff has suffered damages in the amount of 25, 000,000 (Twenty Five Million Dollars), and plaintiff hereby demands judgment against defendants for such amount together with $10,000,000 (Ten Million Dollars) in punitive damages.

## AND AS FOR A FORTH CAUSE OF ACTION

51. Plaintiff repeats and realleges all of the foregoing paragraphs herein above as though fully set forth herein.

52. Based on the foregoing, defendants have engaged in unlawful practices in violation of the New York Law. The said unlawful practices for which defendants are liable to plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, quid pro quo harassment, retaliating against plaintiff because of his expressed opposition to offensive racially related conduct in the work place, subjecting plaintiff to more onerous working conditions, treating plaintiff in a disparate manner and discharging plaintiff from his employment, all due to plaintiff's race and national origin.

53. Defendants' violation of the New York Law include subjecting plaintiff to racial harassment, racial discrimination and retaliation and terminating or affecting the terms or conditions of plaintiff's employment.

54. Defendant's violation of the New York Law, et. seq., include subjecting plaintiff to racially discriminatory conduct which conduct was sufficiently severe and /or pervasive so as to unreasonably interfere with plaintiff's work performance and/or intimidating, hostile and offensive working environment.

55. Defendants' violation of the New York Law, et. seq., include subjecting plaintiff to adverse employment actions once plaintiff opposed the aforesaid unlawful employment practices.

56. As a direct result of defendants; willful and unlawful actions in treating plaintiff in a discriminatory manner and in terminating him from her position of employment solely because of her race and national original, in violation of New York Law, plaintiff has sustained severe emotional and psychological distress, loss of self-esteem, embarrassment, humiliation, inconvenience, loss of enjoyment of life, a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon. As a result of the acts and/or omissions of the defendants, plaintiff has suffered damages in the amount of 25, 000,000 (Twenty Five Million Dollars), and plaintiff hereby demands judgment against defendants for such amount together with $10,000,000 (Ten Million Dollars) in punitive damages.

## AND AS FOR A FIFTH CAUSE OF ACTION

### Defendant Violated 42 U.S.C §1981

57. Plaintiff repeats and realleges all of the foregoing paragraphs herein above as though fully set forth herein.

58. Defendant violated the provisions of 42 U.S.C. §1981 in that it interfered with plaintiff's right to make and enforce contracts, based on race, and by harassing and condoning the harassment of plaintiff without reason other than his race and expressing his objections to racial discrimination against his employer. As a result of the acts and/or omissions of the defendants, plaintiff has suffered damages in the amount of 25, 000,000 (Twenty Five Million Dollars), and plaintiff hereby demands judgment against defendants for such amount together with $10,000,000 (Ten Million Dollars) in punitive damages.

## AND AS FOR A SIXTH CAUSE OF ACTION

### Defendant Intentional Inflicted of Emotional Distress Upon Plaintiff

59. Plaintiff repeats and realleges all of the foregoing paragraphs herein above as though fully set forth herein.

60. The actions of defendants in intentionally discriminating against plaintiff were extreme and outrageous and exceeded all bounds of decency and propriety.

61. Said actions of defendants were deliberate, reckless, malicious and outrageous and thus constituted an intentional infliction of severe emotional distress.

62. The above described actions of defendants to discriminate against plaintiff were malicious and extraordinarily vindictive.

63. As a direct result of the wrongful actions of defendants, plaintiff has been caused to suffer extreme emotional distress resulting in physical illness and requiring extensive medical treatment.

64. The emotional distress suffered by plaintiff was intentionally inflicted upon him by defendants in reckless disregard of the emotional consequences to plaintiff.

65. As a result of defendants' conduct acting as aforesaid, plaintiff has suffered severe emotional distress, humiliation, loss of self-esteem, pain and suffering, loss of wages, plus

interest due thereon.

66. Defendants' conduct in outrageous whereby plaintiff is entitled to an award of punitive damages. As a result of the acts and/or omissions of the defendants, plaintiff has suffered damages in the amount of 25, 000,000 (Twenty Five Million Dollars), and plaintiff hereby demands judgment against defendants for such amount together with $10,000,000 (Ten Million Dollars) in punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, PLAINTIFF respectfully requests that this Court:

(a) Enter a declaratory judgment that defendants' acts complained of herein violated and continue to violate the rights of plaintiff as secured to him by federal and state legislative enactments and the common law of the State of New York; and

(b) Award to plaintiff for the first cause of action a judgment against defendant damages in the amount of $25,000,000. (TWENTY FIVE MILLION DOLLARS) together with $10,000,000 (Ten Million Dollars) in punitive damages; and

(c) Award to plaintiff for the second cause of action a judgment against defendant damages in the amount of $25,000,000. (TWENTY FIVE MILLION DOLLARS) together with $10,000,000 (Ten Million Dollars) in punitive damages; and

(d) Award to plaintiff for the third cause of action a judgment against defendant damages in the amount of $25,000,000. (TWENTY FIVE MILLION DOLLARS) together with $10,000,000 (Ten Million Dollars) in punitive damages; and

(e) Award to plaintiff for the forth cause of action a judgment against defendant damages in the amount of $25,000,000. (TWENTY FIVE MILLION DOLLARS) together with $10,000,000 (Ten Million Dollars) in punitive damages; and

(f) Award to plaintiff for the fifth cause of action a judgment against defendant damages in the amount of $25,000,000. (TWENTY FIVE MILLION DOLLARS) together with $10,000,000 (Ten Million Dollars) in punitive damages; and

(g) Award to plaintiff for the sixth cause of action a judgment against defendant damages in the amount of $25,000,000. (TWENTY FIVE MILLION DOLLARS) together with $10,000,000 (Ten Million Dollars) in punitive damages; and

(h) Award to plaintiff damages for emotional distress, humiliation, loss of self-esteem and loss of her ability to provide her and her family with the earned rewards of excellence in her chosen career; and

(i) Grant to plaintiff other direct, indirect and statutory damages in accordance with appropriate state and federal statutes and state law;

(j) Grant to plaintiff pre-judgment interest in an appropriate amount;

(k) Grant to plaintiff costs, disbursements and reasonable attorneys; fees; and

(l) Grant to plaintiff such other additional relief as this Court deems just and proper under the circumstances of this case.

Dated: May 5, 2015
New York, New York

J. Garth Foley Esq.
Foley & Associates (JF #9950)
Attorney for Plaintiff,
William E. Green
30 Wall Street, 8th FL
New York, NY 10005
(212) 709-8025