UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

| | |
|---|---|
| WILLIAM GREEN | Case No.: 15-cv-3611(PAC) |
| Plaintiff, | |
| -against- | **ATTORNEY AFFIRMATION IN OPPOSITION & IN SUPPORT OF CROSS-MOTION** |
| JACOB & COMPANY WATCHES, INC., D/B/A JACOB & CO, JACOB ARABO an individual, and MG SECURITY SERVICES LLC | |
| Defendants, | |

------------------------------X

STATE OF NEW YORK        }
                         }
COUNTY OF NEW YORK       }  ss:

J. Garth Foley, being duly sworn, deposes and says:

1. I am an attorney duly licenced to practice law before all courts of the State of New York. I am the attorney for Plaintiff and I am fully familiar with the facts and circumstances of this matter.

2. I make this affirmation in opposition to the defendants motions and in support of the plaintiff's motion seeking leave to extend the time of service as necassary. Federal Rules of Civil Procedure rule 15(a) and 4(m).

3. I make this affirmation in opposition to the defendants motions herein and in support of plaintiffs cross-motion for an extension of time to serve to the extent is deemed by the Court that the summons and complaint were not properly served originally.

4. On a Rule 12(b)(6) motion to dismiss, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Tsirelman v. Daines, 794 F.3d 310, 313 (2d Cir.2015). A complaint asserting an employment-discrimination claim need not plead specific facts establishing a prima facie case of discrimination in order to survive a motion to dismiss. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514–15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (holding that, under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a Title VII complaint need not allege "specific facts establishing a prima facie case of discrimination" to survive a motion to dismiss); Barbosa v. Continuum Health Partners, Inc., 716 F.Supp.2d 210, 215 (S.D.N.Y.2010) (applying the Swierkiewicz rule to NYCHRL and NYSHRL claims); Harper v. N.Y.C. Hous. Auth., 673 F.Supp.2d 174, 179 (S.D.N.Y.2009) (applying the Swierkiewicz rule to a FMLA retaliation claim).

5. A plaintiff must simply plead "that [his] claims are plausible under Iqbal and Twombly" by "plead[ing] facts sufficient to state a claim to relief that is plausible on its face." Harper, 673 F.Supp.2d at 178, 180 (internal quotation marks omitted) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); see also Boykin v. KeyCorp, 521 F.3d 202, 212 (2d Cir.2008).

6. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Matson v. Bd. of Educ., 631 F.3d 57, 63 (2d Cir.2011), (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. 1937); see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717–18 (2d Cir.2013). The plaintiff's burden at this stage is "minimal." Holcomb v. Iona Coll., 521 F.3d 130, 139 (2d Cir.2008) (quoting St. Mary's Honor

Center v. Hicks, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)).

7. If the plaintiff meets his burden, a "temporary presumption" of discrimination arises, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 82–84 (2d Cir.2015). If the employer articulates a reason, the burden ultimately shifts back to the plaintiff to show that the employer's reason was pre textual. Id.

8. By analogy, the Court should consider Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229 (2007), where the US Court of Appeals for the Second Circuit considered an the issue of discrimination based on a hostile work environment. Although the complaint in Kassner does not explicitly allege discrimination based on a hostile work environment, the complaint alleges "continued harassment" of Kassner and alleges facts from which we may infer pleading of hostile work environment claims as to her; the complaint states that "Lebewohl and several of his subordinates have repeatedly made degrading comments towards Ms. Kassner, including, but not limited to, 'drop dead,' 'retire early,' 'take off all of that make-up[,]' and 'take off your wig.' " . An actionable discrimination claim based on hostile work environment is one for which "the workplace is 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment....' " Brennan v. Metro. Opera Ass'n, 192 F.3d 310, 318 (2d Cir.1999) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)) (omission in original). The determination of hostility depends on whether a reasonable person would find the work environment to be hostile and whether plaintiffs subjectively perceived it to be so. Id. Minor incidents do not merit relief. Id. Plaintiffs need not present a list of specific acts.Id. *241 To establish a hostile work environment, plaintiffs must "prove that the incidents were sufficiently continuous and concerted

to be considered pervasive." *Id.* (internal quotation marks and citation omitted). "A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class." *Id.*

9. At the pleading stage of the case, however, plaintiffs need not plead a *prima facie* case of discrimination based on hostile work environment, so long as they provide in the complaint a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs' claim for hostile work environment and the grounds upon which that claim rests. See <u>Swierkiewicz,</u> <u>534 U.S. at 512, 122 S.Ct. 992.</u>  In <u>Kassner</u> the US Court of Appeals found that the plaintiff's decription of some of the event which occreed in the work place, such as the decriptions that Mr. Green has provided in his complaint, were sufficient pleadings at the outset of litigation for the purpose of giving the defendants Notice of the complained improper/illegal behavior.

10. The applicable standard, here reaffirmed, is stated in <u>Meritor Savings Bank, FSB v. Vinson,</u> <u>477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49:</u> Title VII is violated when the workplace is permeated with discriminatory behavior that is sufficiently severe or pervasive to create a discriminatorily hostile or abusive working environment, *id.,* at 64, 67, 106 S.Ct., at 2404, 2405. This standard requires an objectively hostile or abusive environment—one that a reasonable person would find hostile or abusive—as well as the victim's subjective perception that the environment is abusive. Pp. 370–371. Whether an environment is "hostile" or "abusive" can be determined only by looking at all the circumstances, which may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. See, <u>Harris v. Forklift Systems, Inc.,</u> 114 S.Ct. 367, 510 U.S. 17 (1993).

11. This Circuit has recognized that a claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made. In this inquiry, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving. The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases. The reasonably related exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that EEOC charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims she is suffering. See, <u>Ximines v. George Wingate High School</u>, 516 F.3d 156, 158 (2d Cir.2008)

12. With the addition of the amended material, plaintiffs amended complaint sufficiently identifies both MG and Jacob & Co. as both separate and joint employees of the plaintiff herein. See the attached affidavit of William Green and plaintiff's Amended Complaint. The charge filed by Mr. Green with the EEOC (see EEOC charge, attached to the declaration of Scott A. Weiss) clear identifies him as a person of a protected class on the basis of race, color and age; therefore plaintiff has exhausted such administrative remedies. Any other classifications would be reasonably related thereto. Moreover, plaintiff has adequately stated claims for negligence and intentional infliction of emotional distress against the individual Jacob Arabo, and in the event that Mr. Arabo denies the allegations concerning Mr. Green's employment with Jacob & Co. we would seek further leave of the court to include a cause of action against him for fraud.

13. Notwithstanding the contentions raised in the defendants motions, as described in more detail

in the attached affidavit of the process server, the summons and complaint herein were properly served.

14. Alternatively, Plaintiff herein seeks additional time upon which to serve the Summons and Amended Complaint in this action on the following basis. Shortly after the instant action was commenced in May 2015, plaintiff's counsel began communicating with Chaim Book, that identified himself as the attorney on the half of Jacob & Co. and Jacob Arabo. Furthermore, in the course of conversations Mr. Book stated that he would accept service on behalf of the corporation. During the approximate month that followed there were settlement discussions with myself and Mr. Book and we were in the preparation of discussing and confirming that he had received a proper copy of the complaint and were about to submit the appropriate documentation for him to confirm service of said documents. Prior to concluding those documents in June 2015 I spoke personally with the office manager Beverly Bartalis of Jacob & Co. concerning and exploring further possibilities of supplement.

15. Shortly thereafter I received notification of new incoming counsel in this matter. As we had not concluded the documentation to confirm Mr. Book's acceptance of service of process on behalf of the corporation and Mr. Arabo I thought it would be best to start afresh and have the matter properly served. I contacted the referring attorney, James Nemia, Esq. requesting that he complete service in this matter as that was the arrangement we had made previously concerning the filing and serving of documents in this case. Unfortunately, due to some apparent confusion the papers had not served and are realized that the timeframe in which to serve was about to expire, at which point I for the documents to a process server for service.

16. Upon review of the affidavits of service, the field sheets provided by the process server and the attached affidavit, I feel comfortable that the papers were adequately and properly served within the requisite timeframe as provided by the Federal Rules of Civil Procedure. However, in the event the court deems such papers were not timely served I hereby request additional time to serve such documents. The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. See, Ditkof v. Owens-Illinois, Inc., 114 F.R.D. 104 (E.D.Mich.1987).

17.  On the basis of the foregoing I respectfully  request that the Court deny the defendants motions in their entirety, and alternatively to the extent necessary concerning service of process that the plaintiff's time to service Summons and Amended Complaint the extended; and for such other and further relief as this Court may deem just.

18.  This is Plaintiff's first  request for the relief sought herein.

The foregoing is affirmed under the penalties of perjury.

Dated New York, New York
     April 11,  2016

        J. GARTH FOLEY
J. Garth Foley, Esq.
Foley & Assoc., P.C.
Attorneys for Plaintiff
30 Wall Street, 8th FL
New York, NY 10005
(212) 709-8025


**Certificate of service**

**I hereby certify that the within notice of cross-motion and all coming papers was served upon counsel for defendants herein.**

        **J. Garth Foley**
        **J. Garth Foley**